## 1IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY CHENEY, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 1:22-cv-10134 |
| EASTPOINT RECOVERY GROUP, INC., | ) ) ) |
| Defendant. | ) ) |

### PLAINTIFF'S COMPLAINT

Plaintiff, BETTY CHENEY ("Plaintiff"), through her attorney, Korth Law Office, alleges the following against Defendant, EASTPOINT RECOVERY GROUP, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Mass. Gen. Laws, Ch. 93A ("Chapter 93A").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. §1692k (FDCPA). Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. 28 U.S.C. §1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue

1

occurred in this District. Mass. Gen. Laws, Ch. 223A, § 3.

## PARTIES

6. Plaintiff is a natural person residing in East Falmouth, Barnstable County, Massachusetts.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. §1692a(3).

8. Plaintiff is a person as that term is defined by §(1)(a) of Chapter 93A.

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. §1692a(5).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a debt collection agency located in Buffalo, Erie County, New York.

13. Defendant is a business entity engaged in the collection of debt within the Commonwealth of Massachusetts.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff originating with a Lending Club account.

20. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

21. On or about September 14, 2021, Defendant began calling Plaintiff on Plaintiff's telephone at xxx-xxx-9946, in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from 716-815-4925, which is one of Defendant's telephone numbers.

23. On or about September 14, 2021, Defendant called Plaintiff on Plaintiff's telephone and the call went unanswered.

24. On or about September 14, 2021, Defendant left a voicemail message on Plaintiff's telephone.

25. During the above-mentioned voicemail message:

    a. Defendant did not disclose the communication is from Eastpoint Recovery Group.

    b. Defendant did not disclose the communication is from a debt collector.

    c. Defendant did not disclose the communication is an attempt to collect a debt.

26. On or about September 14, 2021, Plaintiff received notification of a missed call from

Defendant and returned Defendant's call.

27. On or about September 14, 2021, Plaintiff spoke with Defendant's female collector, Kate Hall.

28. During the above-mentioned conversation:

    a. Kate threatened to commence legal proceedings against Plaintiff.

    b. Kate false represented a lawsuit is filed against Plaintiff.

    c. Kate demanded immediate payment from Plaintiff.

    d. Kate threatened to ruin Plaintiff's credit history.

    e. Kate threatened to garnish Plaintiff's wages.

29. After speaking with Plaintiff, Defendant placed calls to Plaintiff's father, Kenneth Cheney, on his telephone number at xxx-xxx-1766, in an attempt to collect the alleged debt.

30. Defendant left the following voicemail messages on Kenneth's telephone:

    a. "Hi, good afternoon Miss Betty Kinney again, my name is Kate Hall. Betty I just left a message I believe on a possible cell for you that concerns this place here in my office. That same number is 624-331. All things indicated, Miss Cheney, this situation now that I possibly believe you are not at [inaudible 00:00:32]. We just now have documentation which helps the nature of this place do a verified address in the State of Massachusetts. It also stated in there that you had up until Friday, September the 3rd to withdraw this matter and again it is now Tuesday the 14th and we have yet to hear back from you. So once again I'm going to go ahead and keep this extension in place for the next couple of days hereby giving you the opportunity to now address this with me directly before my decision is rendered. My telephone number is 716-815-4925. Thank you much. You enjoy the rest of your afternoon. Take care."

    b. "Hi Ms. Cheney, it's Kate Hall. I just left a message on your cell. We were supposed to hear back from you by 5 p.m. yesterday to resolve this matter to your remortgage lending. But again we did not hear back from you. So, again, I know that you did contact me back for information in regards to our website, but then didn't hear back from you. So, if this is something that you want to resolve with us [inaudible 00:00:31] because we do have to report back to our client exactly if we are advising further action or not. I need to call back by 4:30 p.m. today. It's

4

      now Wednesday the 15th, and my telephone number is 716 815 4925. Thank you, have a good day. Take care."

   c. "Hi Ms. Cheney, my name is [Boo Loretto 00:00:04]. Can you please return my call? Today is September 16th. Once again, my name is [Boo Loretto 00:00:09]. And this is in regards to a claim that was being filed. Now, there was a hold put on it. Unfortunately we do have to process it at this point. So, before we do that I would like to have one more conversation with you to see if we can get it resolved. My direct line is 716 815 3582. The reference number is 62433. Once again, my name is [Boo Loretto 00:00:36]. Thank you."

31. During the above-mentioned voicemail messages, Defendant's collectors did not disclose the communication is from Eastpoint Recovery Group.

32. During the above-mentioned voicemail messages, Defendant's collectors did not disclose the communication is from a debt collector.

33. During the above-mentioned voicemail messages, Defendant's collectors did not disclose the communication is an attempt to collect a debt.

34. Defendant's collectors were working within the scope of their employment when they communicated with Plaintiff.

35. Defendant's collectors are or should be familiar with the FDCPA.

36. Defendant's collectors know or should know the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose when communicating with a consumer.

37. In or around September 2021, Plaintiff called Defendant and spoke with one of Defendant's collectors.

38. During the above-mentioned conversation:

   a. Plaintiff informed Defendant that she is represented by an attorney with respect to the alleged debt.

   b. Plaintiff requested for Defendant to stop calling her.

    c. Plaintiff requested for Defendant to stop calling her father.

39. Despite the foregoing, Defendant continued to call Plaintiff and Plaintiff's father unabated, in an attempt to collect the alleged debt.

40. To date, Defendant has not taken legal action against Plaintiff.

41. Defendant never intended to take legal action against Plaintiff.

42. To date, judgment is not entered against Plaintiff.

43. To date, Plaintiff has not received a written notice pursuant to § 1692g(a).

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff repeats and re-alleges paragraphs one (1) through forty-three (43) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

45. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692b(2) of the FDCPA by communicating with any person other than the consumer for the purpose of acquiring location information about the consumer and disclosing to such person that consumer owes a debt, when Defendant called Plaintiff's father after Defendant located Plaintiff;

    b. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendant employed illegal debt collection tactics in an attempt to in an attempt to instill fear in Plaintiff and when Defendant continued to place collection calls to Plaintiff and Plaintiff's father after Plaintiff requested for Defendant to stop calling them;

    c. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with

intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff and Plaintiff's father after Plaintiff requested for Defendant to stop calling them;

d. Defendant violated § 1692d(6) of the FDCPA by placing a call to Plaintiff without meaningful disclosure of the caller's identity, when Defendant left voicemail messages for Plaintiff and did not disclose the communication is from Eastpoint Recovery Group;

e. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

f. Defendant violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the garnishment of any property or wages of any person unless such action is lawful and the debt collector intends to take such action, when Defendant's female collector threatened to garnish Plaintiff's wages;

g. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended be taken, when Defendant threatened to take legal action against Plaintiff when Defendant did intend to take such action and when Defendant threatened to ruin Plaintiff's credit history;

h. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, when Defendant's female collector falsely represented that a lawsuit is filed against Plaintiff;

i. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant left voicemail messages for Plaintiff and did not disclose that the communication is from a debt collector and that any information obtained will be used for that purpose;

j. Defendant violated § 1692g(a) of the FDCPA by failing to send a written notice to Plaintiff pursuant to § 1692g(a) of the FDCPA;

k. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Defendant's female collector demanded for immediate payment from Plaintiff; and

l. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, BETTY CHENEY, respectfully requests judgment be entered against Defendant, EASTPOINT RECOVERY GROUP, INC., for the following:

46. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

47. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

48. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED MASSACHUSETTS GENERAL LAWS CHAPTER 93A

49. Plaintiff repeats and realleges paragraphs one (1) through forty-three (43) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

50. Defendant does not maintain a place of business or maintain assets in Massachusetts and thus is exempt from the demand letter requirement of Mass. Gen. Laws, Ch. 93A, § 9(3). *See Moronta v. Nationstar Mortgage, LLC*, 476 Mass. 1013, 64 N.E.3d 1287 (2016).

51. Defendant's conduct as described herein was unfair and/or deceptive in violation of G.L. c. 93A, § 2, including but not limited to:

    a. Violating of the FDCPA; *McDermott v. Marcus, Errico, Emmer & Brooks, PC*, 775 F. 3d 109, 123 (1st Cir. 2014) ("violations of the FDCPA constitute per se Chapter 93A violations"); and

    b. Communicating with the alleged debtor in such a manner as to harass or embarrass the alleged debtor, including, but not limited to communication at an unreasonable hour, with unreasonable frequency, by threats of violence, by use of offensive language, or by threats of any action which the creditor in the usual course of business does not in fact take. Mass. Gen. Laws, ch. 93, § 49(c) ("[f]ailure to comply with the provisions of this section shall constitute an unfair or deceptive act or practice under the provisions of chapter ninety-three A").

WHEREFORE, Plaintiff, BETTY CHENEY, respectfully requests judgment be entered against Defendant, EASTPOINT RECOVERY GROUP, INC., for the following:

52. Claimant seeks additional damages pursuant to § 9 of Chapter 93A;

53. Tripling of actual damages pursuant to § 9(3) of Chapter 93A;

54. Costs and reasonable attorneys' fees pursuant § 9(4) of Chapter 93A; and

55. Any other relief that this Honorable Court deems appropriate.

                                          RESPECTFULLY SUBMITTED,

January 27, 2022                    By: /s/Sebastian Korth
                                          Sebastian Korth
                                          Korth Law Office
                                          12 Maple Street
                                          Ludlow, MA 01056
                                          Tel: (617) 259-1955
                                          Fax: (617)238-2167
                                          skorth@korthlawoffice.com
                                          Attorney for Plaintiff